STATE *ex rel* GRATA BROWN *v.* H. B. CLAY, *et al.*

(No. 6995)

Submitted March 10, 1931. Decided March 17, 1931.

*Sherman H. Eary,* for relator.
*Orville Hackney* and *D. B. Dawson,* for respondents.

LITZ, PRESIDENT:

The relator, Grata Brown, is the wife of respondent, Charles C. Brown. She seeks by writ of mandamus to compel the entry of judgment by respondent, H. B. Clay (a justice of the peace), upon a bond of $500.00 executed by the husband, as principal, and respondent, Lonnie Bennett, as surety,

under chapter 73, Acts 1925 (48-8, Code 1931), commonly called the non-support statute.

The petition alleges that in June, 1930, the justice issued a warrant charging Brown with non-support of his wife and three children; that upon being tried under the warrant, Brown was found guilty and required by the justice to pay $15.00 per week for the support of his wife and children; that he thereupon entered into a bond, with said Bennett as surety, conditioned to make such payments; that having failed to comply with the requirements of the bond he was again arrested and arraigned for trial on January 24, 1931, at which time the justice forfeited the bond, but refused to enter judgment thereon.

Section 3 of the Act reads: ''The justice of the peace before whom such convictions is had, may, in lieu of the penalty herein provided, or in addition thereto, having regard to the circumstances and financial ability or earning capacity of the defendant, require the defendant to pay a certain sum periodically to the wife or other guardian, curator, custodian or trustee of such wife, child or children, which shall be subject to change from time to time as circumstances may require, and may release the defendant upon his or her entering into bond with good surety in the penalty of not less than five hundred dollars. The condition of the bond shall be to make payments as aforesaid, until the child or children arrive at the age of sixteen years, and to appear before the court in case default be made in the payment of such sums, and in case the defendant fails to make such payments, the justice may forthwith rearrest the defendant, and proceed with the trial under the original charge, or sentence him or her under the original bond herein provided for, and enforcement thereof, the sum recovered may, in the discretion of the court wherein the forfeiture is enforced, be paid in whole or in part to the wife or other guardian, curator, custodian or trustee of such minor child or children, as the court may order.''

Section 4, article 2, chapter 56, Code 1931, provides: ''In the case of any bond taken by any officer, or given by a sheriff or constable, and returned to or filed in the office of the clerk of the county court of the county, or any bond or

recognizance taken in a criminal case or proceeding, the circuit court of the county, or the court in which any such bond or recognizance is given, may, on motion of any person, or the State, as the case may be, give judgment for so much money as he, or the State, is entitled, by virtue of such bond, to recover by action." This section is broad enough to include justice of the peace courts; but the amount of the bond is in excess of the civil jurisdiction prescribed for justices by section 28, Article VIII of the Constitution.

The writ is, therefore, denied.

*Writ denied.*